IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-29,554-03






EX PARTE ARMANDO ARCE, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. CR-1256-07-D

IN THE 206TH DISTRICT COURT FROM HIDALGO COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of failing to register
as a sex offender and sentenced to two years' imprisonment. 

 On October 29, 2008, this Court remanded this application as prematurely forwarded. On
that same day, the trial court made findings of fact and conclusions of law. The trial court
recommended that relief be granted.


 Applicant alleged that he should not have been required to register as a sex offender because
his sentence was completely discharged before the statute went into effect on September 1, 1997. 
Applicant had been convicted of sexual assault and began serving that ten-year sentence on April
22, 1987. While serving that sentence, Applicant was convicted of possession of a deadly weapon
in a penal institution and sentenced to another four years' imprisonment to run consecutively to the
sexual assault conviction. The Texas Department of Criminal Justice (TDCJ) provided an affidavit
to the trial court which stated that Applicant's four-year possession of a weapon case was added to
his ten-year sexual assault case to make a total fourteen-year sentence. TDCJ then concluded that
since Applicant was serving a fourteen-year sentence, he had not discharged his sexual assault
conviction on September 1, 1997. The trial court disagreed with TDCJ's conclusion, simply adding
ten years to Applicant's sentence begin date and concluding that Applicant was not required to
register as a sex offender because his sentence discharged on April 22, 1997. 

 After an independent review of the record, we conclude that both positions are incorrect. 
Applicant was released on mandatory supervision from July 9, 1996 to April 19, 1997 and had nine
months of out-of-custody time. That out-of-custody time would have extended Applicant's
discharge date from April 1997 to January 1998. Because Applicant was in the custody of TDCJ
with a reportable conviction when the registration requirements became effective, Applicant was
required to register as a sex offender. 

 Based on this Court's independent review of the entire record, we deny relief.

 It is so ordered on this the 10th day of December, 2008.



Do not publish